## TIBBETS v. BAKEWELL et al.

### No. 19,162; February 24, 1894.

#### 35 Pac. 1007.

Ejectment—Evidence—Sufficiency.—In Ejectment, in Which the answer denied ouster and the possession and withholding by defendants, it appeared that the land in dispute is a strip six feet wide, on which a water ditch is located. The evidence showed that defendants frequently put a pressure board in the ditch, which cut off plaintiff's water and diverted it into a flume made by them. Held, that the evidence established a trespass merely, and did not justify a judgment for plaintiff.

APPEAL from Superior Court, San Bernardino County; John C. Campbell, Judge.

Action in ejectment by Luther C. Tibbets against Thomas Bakewell and others. From a judgment for defendants, plaintiff appeals. Affirmed.

L. C. Tibbets and A. B. Paris for appellant; Frank O. Oster for respondents.

HAYNES, C.—Ejectment to recover a strip of land six feet in width. The complaint was in the usual form. The answer denied the seisin of plaintiff, and the ouster and the possession and withholding by the defendants. It appears from the evidence that a water ditch is located upon this strip of land, and that at some point of the land in question the water was diverted by the defendants to other land belonging to them. Plaintiff, after giving evidence tending to prove title, etc., testified: "I had ordered my water in said ditch, and had been using it. When I found I had been getting no water, I went up to the box to see what the trouble was; and I found a board put in and the water running into a flume that Thomas Bakewell and the Riverside Water Company had made. There was a pressure board put in, so that all of my water was shut off." He further testified that this occurred about every time he had "gone to irrigate" since then. He also testified that he "had been damaged in the loss of the use of that strip of land, and by the prevention by the defendants of his running water on said land, in the sum of two hundred dollars." Plaintiff having rested, defendant moved for judgment of nonsuit, which was granted; and this appeal is from that judgment and from an order denying a new trial.

It may be that the defendants have been guilty of a trespass, and have damaged the plaintiff by a diversion of water, or that they did something they ought not to have done, but the evidence is clearly insufficient to justify a judgment for plaintiff in an action of ejectment. The judgment and order appealed from should be affirmed.

We concur: Belcher, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.